|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-70152 |
| SOUTHFRESH AQUACULTURE, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 102 AND 105(A)**
**AND BANKRUPTCY RULES 2002(M) AND 9007 SEEKING AUTHORITY**
**TO IMPLEMENT CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**

SouthFresh Aquaculture, LLC, as debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtor"),[1] respectfully states the following in support of this motion (the "Motion"):

### Relief Requested

1.     The Debtor seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing and implementing certain notice and case management procedures (the "Procedures") and the limiting of notice and service requirements.

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Northern District of Alabama (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated January 12, 1995. The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the

---

[1] A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Justin Funk, Chief Financial Officer of SouthFresh Aquaculture, LLC, in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtor's voluntary petition for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on January 28, 2019 (the "Commencement Date"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 102 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007.

**Procedural Background**

5.      On the Commencement Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committees have been appointed or designated.

**The Case Management Procedures**

6.      The Debtor has numerous creditors and diverse parties in interest. Broad notice and service requirements would be expensive, administratively inefficient, and unduly burdensome on the Debtor's estate. The Debtor proposes to reduce expense and administrative burden by limiting notice and service requirements pursuant to sections 102(1)(A) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007.

7.      By this Motion, the Debtor seek authority to implement the Procedures in connection with the administration of its chapter 11 case and to utilize the Limited Notice (as defined herein). The Debtor requests that, to the extent that any of the Procedures or Limited Notice conflicts with the provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Procedures or Limited Notice shall govern and shall supersede such provisions and rules.

8.      The Procedures establish requirements for the filing and serving of notices, motions, pleadings, applications, other requests for relief, and all documents filed in support thereof (collectively, the "Pleadings") in this chapter 11 case and the filing of any objections (the "Objections") or replies thereto (the "Replies," and, together with the Pleadings and the Objections, the "Documents"). As set forth more fully below, the Procedures (a) delineate standards for notice; (b) authorize the Debtor to schedule, in cooperation with the Court, periodic omnibus hearing dates; and (c) articulate mandatory guidelines for the scheduling of hearings and objection deadlines. Furthermore, the Debtor seek to reduce expenses and administrative burdens by limiting notice and service requirements.

9.      The objective of the relief sought herein is to minimize the administrative burden of this chapter 11 case on the Court, the Debtor, and all parties in interest, while fully satisfying the notice and due process requirements set forth in the Bankruptcy Code and protecting the substantive rights of all parties.

10.      To ensure that parties in interest in this chapter 11 case are made aware of the Case Management Procedures, the Debtor proposes to: (a) serve the Procedures on the Master Service List (as defined below); and (c) make the Procedures readily available on request to the Debtor's proposed counsel, Maynard, Cooper & Gale, P.C.

11.      The following Procedures should be implemented in connection with the administration of this chapter 11 case:

**A.      Filing and Notification Procedures.**

12.      Filing. All documents shall be filed electronically with the Court on the docket of *In re SouthFresh Aquaculture, LLC,* Chapter 11, Case No. 19-70152, pursuant to Local Rule 5005-4. The documents shall be noticed in accordance with the Procedures set forth below.

13.     Limited Notice / Entities to be Served. All Documents shall be served, in the manner described below, on:

(a)     Via email, if available, otherwise via facsimile or U.S. mail:

(i)     proposed counsel to the Debtor, Maynard, Cooper & Gale, P.C., 1901 6th Avenue N., Ste. 2400, Birmingham, Alabama 35203 Attn: J. Leland Murphree (lmurphree@maynardcooper.com) and Ryan D. Thompson (rthompson@maynardcooper.com);

(ii)    the Office of the Bankruptcy Administrator for the Northern District of Alabama, Federal Building and U.S. Courthouse, 2005 University Blvd., Suite 1300, Tuscaloosa, AL 35401 Attn: Rachel Webber;

(iii)   counsel to any official committee(s)[2] appointed in this chapter 11 case (the "Committee");

(iv)    counsel to the DIP Lender, Larry Weaver, Wilmer & Lee, P.A., 300 Market Street, Suite 201 AB, Decatur, AL 35601;

(v)     the United States Attorney's Office for the Northern District of Alabama, 1801 4th Ave. N, Birmingham, AL 35203;

(vi)    the Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 21126, Philadelphia, PA 19114-0326;

(vii)   the office of the Attorney General for the State of Alabama, P.O. Box 300152, Montgomery, AL 36130-0152;

(viii)  the United States Food and Drug Administration, 10903 New Hampshire, Ave., Silver Spring, MD 20993-0002

(ix)    the United States Environmental Protection Agency, 61 Forsyth Street, SW, Atlanta, GA 30303-8960; and

(x)     the International Chemical Workers Union Council of the United Food and Commercial Workers Union and Its Local 1038C, 403 Maria Ave., Demopolis, AL 36732 Attn: Grover Houston.

(b)     Via email, if available, otherwise via U.S. mail:

---

[2] Unless and until such time as an official committee of unsecured creditors may be appointed in this case, the creditors holding the 20 largest unsecured claims against the Debtor's estate shall be served as set forth herein. In the event an official committee of unsecured creditors is formed, each of the top 20 unsecured creditors will be removed from this service list, except for any of those creditors that file a notice of appearance and request for service as set forth herein.

04710758.1                                    4

<blockquote>(i)    Any person or entity with a particularized interest relating directly to the subject matter of a certain document.</blockquote>

The parties listed above in item (a) shall be collectively referred to as the "<u>Standard Parties</u>." In addition to the Standard Parties, Pleadings shall be served on all persons and entities that have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 and the procedures set forth below (the "<u>Rule 2002 List</u>") in accordance with the Procedures set forth herein. The Debtor shall serve on the Standard Parties notice of any complaint the Debtor may file initiating an adversary proceeding. The Debtor shall serve subsequent Documents within such adversary proceeding only on (i) the parties to the adversary proceeding and (ii) additional parties, if any, that specifically request notice and service of pleadings in the adversary proceeding.

14.    <u>Notices of Appearance</u>. Any creditor or party in interest that wishes to receive notice in this chapter 11 case and is not otherwise entitled to notice pursuant to these Procedures must file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an email address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in this chapter 11 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 who does not maintain and cannot practicably obtain an email address, must include in its notice of appearance a certification stating the same.

15.    <u>Master Service List</u>. The Debtor shall maintain a master service list including the Standard Parties and the Rule 2002 List (the "<u>Master</u> <u>Service List</u>"). The Master Service List

shall contain addresses, facsimile numbers, and email addresses, if available. The Debtor shall use reasonable efforts to update the Master Service List on a periodic basis. The Master Service List shall be made available by contacting the Debtor's counsel directly.

16. <u>Service by Electronic Mail</u>. Except as otherwise provided herein, all Documents, other than a summons and complaint in an adversary proceeding or Documents filed under seal, shall be served by email on the parties identified in the Master Service List in accordance with the Procedures.[3] The Standard Parties for whom email addresses are not listed above shall advise, to the extent available, the Debtor's counsel in writing of its email addresses to which notices should be sent. The Standard Parties may request service by means other than electronic delivery, if desired. All Documents served by email shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties, or otherwise), the serving party may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of orders and any exhibits, attachments, and other relevant materials; or (b) email the party being served and include a notation that the Document cannot be annexed and will be mailed only if specifically requested. Service by email shall be effective as of the date the Document is sent by email to the address provided by a party. When a party serves Documents by email, such party shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, email service shall satisfy the Court's rules for service.

---

[3] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List within five (5) days of entry of the order approving the Procedures.

04710758.1

6

17.     <u>Alternative Methods of Service</u>. If a party entitled to notice of a Pleading does not have an email address or if the email address of a party is not available, that party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery (the choice being in the serving party's sole discretion).

18.     <u>Service of Objections to Proofs of Claim</u>. Notwithstanding and in addition to service under these Procedures and Bankruptcy Rules 3007, 7004, and 9014, notice and service of an Objection to the allowance of a claim is sufficient if served on the name and address listed in the proof of claim as the name and address where notices should be sent.

19.     <u>Confidentiality</u>. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case.

20.     <u>Declarations of Service</u>. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within seven business days thereof either a declaration of service or a certification of service annexing the list of parties that received notice.

21.     <u>Certain Bankruptcy Rules Preserved</u>. The proceedings with respect to which notice will be limited to the Master Service List shall include all matters covered by Bankruptcy Rules 2002, 4001(c), and 6006(c) and sections 327 and 1121(d) of the Bankruptcy Code, with the express exception of the following: (a) notice of (i) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (b) notice and transmittal of

Case 19-70152-JHH11    Doc 3    Filed 01/28/19    Entered 01/28/19 15:50:16    Desc Main
Document      Page 7 of 25

ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

## B. Hearings and Related Procedural Matters.

22.     <u>Omnibus Hearings</u>. The Debtor shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("<u>Omnibus Hearings</u>") at which Pleadings shall be heard. If Omnibus Hearings are scheduled, the following guidelines shall apply:

(a)     <u>Matters that May be Scheduled for Hearings Other than Omnibus Hearings</u>. Hearings in connection with (i) claim objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) plan confirmation, (v) sale of all or substantially all of the Debtor's assets, and (vi) any other Pleadings filed by the Debtor may be scheduled for dates other than the Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint in such adversary proceeding. Hearings on all other Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing, except as provided in subsection (b) of this paragraph.

(b)     <u>Emergency Relief</u>. If a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing date, the filing party may request an emergency hearing for good cause shown in addition to, or in lieu of, the Omnibus Hearing date.

23.     <u>Hearings</u>. Unless otherwise ordered by the Court (including herein), all Pleadings shall be noticed for hearing on the next Omnibus Hearing date that is at least 21 days after such Pleading is filed and notice thereof is served on the appropriate parties. Notwithstanding the foregoing, if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a) and (b), the Pleading shall be scheduled for the next available Omnibus Hearing date following the expiration of the time period set forth in the rule.

24.     <u>Telephonic Participation</u>. The Debtor proposes that, unless the Court determines otherwise, telephonic appearance at all hearings should be authorized, except that those

appearing telephonically may not examine witnesses. All requests for telephonic appearance should be made to the Court's chambers at least one business day before the hearing. If chambers permits CourtCall telephonic participation, the party participating telephonically must arrange such participation with CourtCall, adhering to the procedures for telephonic participation applicable in the Court.

25.     <u>Objection Deadlines</u>. Except as otherwise provided herein, the deadline to file an Objection (the "<u>Objection Deadline</u>") to any Pleading shall be (a) 4:00 p.m. Central Time on the date that is seven calendar days before the applicable hearing date in the case of a Pleading filed 21 or more days before the applicable hearing date or (b) 4:00 p.m. Central Time on the date that is three calendar days before the applicable hearing date in the case of a Pleading filed less than 21 days before the applicable hearing date. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely filed unless it is both filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

26.     <u>Deadline for Filing Reply</u>. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon prevailing Central Time on the day that is one business day before the date of the hearing.

27.     <u>Agenda</u>. By approximately 2:00 p.m. prevailing Central Time on the day before a scheduled hearing, the Debtor shall file with the Court an agenda setting forth each matter to be heard at the hearing and shall serve the agenda by email or facsimile on the Standard Parties. Agendas shall not be required where the Debtor has less than 48 hours' notice of the hearing.

The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and declarations of service.

28.  <u>Settlements</u>. If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and settlement at the scheduled hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. If the Court determines that additional or supplemental notice is required, the Debtor shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing date deemed appropriate by the Court.

**C.     Automatic Stay Proceedings.**

29.  <u>Hearings and Objection Deadlines</u>. Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration at the Omnibus Hearing that is at least 20 days after the motion is filed and notice is served upon the Debtor. Unless otherwise ordered by the Court, the objection deadline for the Debtor shall be the later to occur of (a) 15 days after the date of filing and service of the motion, or (b) three days before the scheduled hearing.

30.  <u>Automatic Relief Provision Inapplicable</u>. Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the

continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## Basis for Relief

31. Section 102(1)(A) of the Bankruptcy Code provides that all notice and hearing requirements in the Bankruptcy Code shall be construed as mandating such notice and opportunity for a hearing "as is appropriate in the particular circumstances." The Court has the authority under section 105(a) of the Bankruptcy Code to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. The Court is further authorized by Bankruptcy Rule 2002(m) to enter orders designating matters in respect to which, and the entities to whom, notices shall be sent pursuant to the provisions of the Bankruptcy Code. In addition, the Court has general authority to regulate notices pursuant to Bankruptcy Rule 9007. Implementation of the Procedures is appropriate in this chapter 11 case and within the Court's equitable powers under section 105 of the Bankruptcy Code.

32. Approval of the Procedures is in the best interests of the Debtor, its estate, and its creditors. In addition to the discharge of its ordinary duties, the Debtor's personnel now carry the additional burdens imposed by the commencement of this chapter 11 case. The Procedures, by authorizing the Debtor to schedule Omnibus Hearing dates, establishing clear timelines for the filing of requests for relief, and allowing, with certain exceptions, electronic service, will assist the Debtor's management in organizing the Debtor's time and directing the attention of its personnel to issues raised in this chapter 11 case. It will also reduce the cost of administration of this case.

33.     Courts in this and other districts have approved similar procedures, including service by email, in chapter 11 cases. *See, e.g.*, *In re Walter Energy, Inc.*, Case No. 15-02741 (TOM) (Bankr. N.D. Ala. July 15, 2015); *In re Moore-Handley, Inc*., Case No. 09-04198 (TBB) (Bankr. N.D. Ala. July 29, 2009); *In re Bruno's Supermarkets*, *LLC*, Case No. 09-00634 (BGC) (Bankr. N.D. Ala. Feb. 17, 2009); *In re Bill Heard Enters., Inc.*, Case No. 08-83029 (JAC) (Bankr. N.D. Ala. Sept. 30, 2008); *see also In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 15, 2018); *In re Toys "R" Us, Inc.*, Case No. 17-34465 (KLP) (Bankr. E.D. Va. Sept. 21, 2017). The circumstances here justify similar relief.

<u>**Notice**</u>

34.     The Debtor will provide notice of this Motion to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) counsel to the proposed DIP Lender; (d) the International Chemical Workers Union Council of the United Food and Commercial Workers Union and Its Local 1038C; (e) the United States Attorney's Office for the Northern District of Alabama; (f) the Internal Revenue Service; (g) the United States Environmental Protection Agency; (h) the Alabama Department of Environmental Management; (i) the United States Department of Agriculture; (j) the United States Food and Drug Administration; (k) the Alabama Department of Agriculture & Industries – Weights and Measures Division; (l) the office of the Attorney General for the State of Alabama; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

35.     No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this the 28th day of January, 2019.

/s/ J. Leland Murphree
J. Leland Murphree
Jayna P. Lamar
Ryan D. Thompson
Evan N. Parrott
Wes Bulgarella

*Proposed Counsel to the Debtor*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North,
2400 Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000
lmurphree@maynardcooper.com
jlamar@maynardcooper.com
rthompson@maynardcooper.com
eparrott@maynardcooper.com
wbulgarella@maynardcooper.com

**Exhibit A**

**Proposed Order**

04710758.1

15

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

|                                        |     |              |
| -------------------------------------- | --- | ------------ |
|                                        | )   |              |
| IN RE:                                 | )   |              |
|                                        | )   | Case No.     |
| SOUTHFRESH AQUACULTURE, LLC,           | )   |              |
|                                        | )   | Chapter 11   |
| Debtor.                                | )   |              |

**ORDER PURSUANT TO 11 U.S.C. §§ 102 AND 105(a) AND**
**BANKRUPTCY RULES 2002(M) AND 9007 IMPLEMENTING**
**CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**

Upon the motion (the "Motion")[1] of the above-captioned Debtor and Debtor in possession (the "Debtor") for entry of an order (the "Order"), pursuant to sections 102 and 105(a) of the Bankruptcy Code and rules 2002(m) and 9007 of the Bankruptcy Rules, for entry of an order authorizing and implementing certain notice and case management procedures; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated January 12, 1995; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

04710758.1

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor shall serve a copy of this Order on the Master Service List within three business days.

3.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

4.      The following Procedures are approved and shall govern all aspects of this chapter 11 case, except as otherwise ordered by the Court:

**A.      Filing and Notification Procedures.**

5.      <u>Filing</u>. All Documents shall be filed electronically with the Court on the docket of *In re SouthFresh Aquaculture, LLC,* Chapter 11, Case No. 19-70152, pursuant to Local Rule 5005-4. The Documents shall be noticed in accordance with the Procedures set forth below.

6.      <u>Limited Notice / Entities to be Served</u>. All Documents shall be served, in the manner described below, on:

(a)      Via email, if available, otherwise via facsimile or U.S. mail:

(i)      proposed counsel to the Debtor, Maynard, Cooper & Gale, P.C., 1901 6th Avenue N., Ste. 2400, Birmingham, Alabama 35203 Attn: J. Leland Murphree (lmurphree@maynardcooper.com) and Ryan D. Thompson (rthompson@maynardcooper.com);

(ii)      the Office of the Bankruptcy Administrator for the Northern District of Alabama, Federal Building and U.S. Courthouse, 2005 University Blvd., Suite 1300, Tuscaloosa, AL 35401 Attn: Rachel Webber;

(iii)     counsel to any official committee(s)[2] appointed in this chapter 11 case (the "<u>Committee</u>");

(iv)     counsel to the DIP Lender, Larry Weaver, Wilmer & Lee, P.A., 300 Market Street, Suite 201 AB, Decatur, AL 35601;

(v)     the United States Attorney's Office for the Northern District of Alabama, 1801 4th Ave. N, Birmingham, AL 35203;

(vi)     the Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 21126, Philadelphia, PA 19114-0326;

(vii)     the office of the Attorney General for the State of Alabama, P.O. Box 300152, Montgomery, AL 36130-0152;

(viii)     the United States Food and Drug Administration, 10903 New Hampshire, Ave., Silver Spring, MD 20993-0002;

(ix)     the United States Environmental Protection Agency, 61 Forsyth Street, SW, Atlanta, GA 30303-8960; and

(x)     the International Chemical Workers Union Council of the United Food and Commercial Workers Union and Its Local 1038C, 403 Maria Ave., Demopolis, AL 36732 Attn: Grover Houston.

(b)     Via email, if available, otherwise via U.S. mail:

(i)     Any person or entity with a particularized interest relating directly to the subject matter of a certain Document.

The parties listed above in item (a) shall be collectively referred to as the "<u>Standard Parties</u>." In addition to the Standard Parties, Pleadings shall be served on all persons and entities that have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 and the procedures set forth below (the "<u>Rule 2002 List</u>") in accordance with the Procedures set forth herein. The Debtor shall serve on the Standard Parties notice of any complaint the Debtor may file initiating an adversary proceeding. The Debtor shall serve subsequent Documents within such

---

[2] Unless and until such time as an official committee of unsecured creditors may be appointed in this case, the creditors holding the 20 largest unsecured claims against the Debtor's estate shall be served as set forth herein. In the event an official committee of unsecured creditors is formed, each of the top 20 unsecured creditors will be removed from this service list, except for any of those creditors that file a notice of appearance and request for service as set forth herein.

adversary proceeding only on (i) the parties to the adversary proceeding and (ii) additional parties, if any, that specifically request notice and service of pleadings in the adversary proceeding.

7.      <u>Notices of Appearance</u>. Any creditor or party in interest that wishes to receive notice in this chapter 11 case and is not otherwise entitled to notice pursuant to these Procedures must file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an email address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; and (e) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in this chapter 11 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 who does not maintain and cannot practicably obtain an email address must include in its notice of appearance a certification stating the same.

8.      <u>Master Service List</u>. The Debtor shall maintain a master service list including the Standard Parties and the Rule 2002 List (the "<u>Master</u> <u>Service List</u>"). The Master Service List shall contain addresses, facsimile numbers, and email addresses, if available. The Debtor shall use reasonable efforts to update the Master Service List on a periodic basis. The Master Service List shall be made available by contacting the Debtor's counsel directly.

9.      <u>Service by Electronic Mail</u>. Except as otherwise provided herein, all Documents, other than a summons and complaint in an adversary proceeding or Documents filed under seal,

Case 19-70152-JHH11    Doc 3    Filed 01/28/19    Entered 01/28/19 15:50:16    Desc Main
Document      Page 19 of 25

shall be served by email on the parties identified in the Master Service List in accordance with the Procedures.[3]

10.     The Standard Parties for whom email addresses are not listed above shall advise, to the extent available, the Debtor's counsel in writing of its email addresses to which notices should be sent. The Standard Parties may request service by means other than electronic delivery if desired. All Documents served by email shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an email (because of its size, technical difficulties, or otherwise), the serving party may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of orders and any exhibits, attachments, and other relevant materials; or (b) email the party being served and include a notation that the Document cannot be annexed and will be mailed only if specifically requested. Service by email shall be effective as of the date the Document is sent by email to the address provided by a party. When a party serves Documents by email, such party shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, email service shall satisfy the Court's rules for service.

11.     Alternative Methods of Service. If a party entitled to notice of a Pleading does not have an email address or if the email address of a party is not available, that party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery (the choice being in the serving party's sole discretion).

---

[3] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List within five days of entry of the order approving the Procedures.

12.     Service of Objections to Proofs of Claim. Notwithstanding and in addition to service under these Procedures and Bankruptcy Rules 3007, 7004, and 9014, notice and service of an Objection to the allowance of a claim is sufficient if served on the name and address listed in the proof of claim as the name and address where notices should be sent.

13.     Confidentiality. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case.

14.     Declarations of Service. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within seven business days thereof either a declaration of service or a certification of service annexing the list of parties that received notice.

15.     Certain Bankruptcy Rules Preserved. The proceedings with respect to which notice will be limited to the Master Service List shall include all matters covered by Bankruptcy Rules 2002, 4001(c), and 6006(c) and sections 327 and 1121(d) of the Bankruptcy Code, with the express exception of the following: (a) notice of (i) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii)the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (iii) the time fixed for filing objections to and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (b) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

Case 19-70152-JHH11    Doc 3    Filed 01/28/19    Entered 01/28/19 15:50:16    Desc Main
Document      Page 21 of 25

**B.    Hearings and Related Procedural Matters.**

16.    <u>Omnibus Hearings</u>. The Debtor shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("<u>Omnibus Hearings</u>") at which Pleadings shall be heard. If Omnibus Hearings are scheduled, the following guidelines shall apply:

(a)    <u>Matters that May be Scheduled for Hearings Other than Omnibus Hearings</u>. Hearings in connection with (i) claim objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) plan confirmation, (v) sale of all or substantially all of the Debtor's assets, and (vi) any other Pleadings filed by the Debtor may be scheduled for dates other than the Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint in such adversary proceeding. Hearings on all other Pleadings filed by a non-Debtor must be scheduled for an Omnibus Hearing, except as provided in subsection (b) of this paragraph.

(b)    <u>Emergency Relief</u>. If a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing date, the filing party may request an emergency hearing for good cause shown in addition to or in lieu of the Omnibus Hearing date.

17.    <u>Hearings</u>. Unless otherwise ordered by the Court (and except as provided below with respect to stay relief motions), all Pleadings shall be noticed for hearing on the next Omnibus Hearing date that is at least 21 days after such Pleading is filed and notice thereof is served on the appropriate parties. Notwithstanding the foregoing, if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a) and (b), the Pleading shall be scheduled for the next available Omnibus Hearing date following the expiration of the time period set forth in the rule.

18.    <u>Telephonic Participation</u>. Unless the Court determines otherwise, telephonic appearance at all hearings is authorized, except that those appearing telephonically may not examine witnesses. All requests for telephonic appearance should be made to the Court's chambers at least one business day before the hearing. If chambers permits telephonic

Case 19-70152-JHH11   Doc 3   Filed 01/28/19   Entered 01/28/19 15:50:16   Desc Main
Document      Page 22 of 25

participation, the party participating telephonically must arrange such participation with CourtCall, adhering to the procedures for telephonic participation applicable in the Court.

19.    <u>Objection Deadlines</u>. Except as otherwise provided herein, the deadline to file an Objection (the "<u>Objection Deadline</u>") to any Pleading shall be (a) 4:00 p.m. Central Time on the date that is seven calendar days before the applicable hearing date in the case of a Pleading filed 21 or more days before the applicable hearing date or (b) 4:00 p.m. Central Time on the date that is three calendar days before the applicable hearing date in the case of a Pleading filed less than 21 days before the applicable hearing date. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely filed unless it is both filed with the Court and received by the Standard Parties on or before the applicable Objection Deadline.

20.    <u>Deadline for Filing Reply</u>. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon prevailing Central Time on the day that is one business day before the date of the hearing.

21.    <u>Agenda</u>. By approximately 2:00 p.m. prevailing Central Time on the day before a scheduled hearing, the Debtor shall file with the Court an agenda setting forth each matter to be heard at the hearing and shall serve the agenda by email or facsimile on the Standard Parties. Agendas shall not be required where the Debtor has less than 48 hours' notice of the hearing. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and declarations of service.

22.    <u>Settlements</u>. If a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the

Case 19-70152-JHH11   Doc 3   Filed 01/28/19   Entered 01/28/19 15:50:16   Desc Main
Document      Page 23 of 25

settlement at the scheduled hearing. If the Court determines that the notice of the dispute and Settlement at the scheduled hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. If the Court determines that additional or supplemental notice is required, the Debtor shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing date deemed appropriate by the Court.

**C.      Automatic Stay Proceedings.**

23.      <u>Hearings and Objection Deadlines</u>. Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code shall be noticed for consideration at the Omnibus Hearing that is at least 20 days after the motion is filed and notice is served upon the Debtor. Unless otherwise ordered by the Court, the objection deadline for the Debtor shall be the later to occur of (a) 15 days after the date of filing and service of the motion, or (b) three days before the scheduled hearing.

24.      <u>Automatic Relief Provision Inapplicable</u>. Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

Case 19-70152-JHH11    Doc 3    Filed 01/28/19    Entered 01/28/19 15:50:16    Desc Main
Document      Page 24 of 25

Dated:

_____
UNITED STATES BANKRUPTCY JUDGE