# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-70152 |
| SOUTHFRESH AQUACULTURE, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## DEBTOR'S EMERGENCY MOTION TO SET
## EXPEDITED HEARING ON FIRST DAY MOTIONS

SouthFresh Aquaculture, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"),[1] respectfully states the following in support of this motion (this "Motion"):

### Relief Requested

1. The Debtor seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A** setting the First Day Motions (as defined herein) for expedited hearing.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Northern District of Alabama (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Northern District of Alabama, dated January 12, 1995. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

---

[1] A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Justin Funk, Chief Financial Officer of SouthFresh Aquaculture, LLC, in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtor's voluntary petition for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on January 28, 2019 (the "Commencement Date"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

04706232.2

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b).

## Procedural Background

5. On January 28, 2019 (the "<u>Commencement Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committees have been appointed or designated.

## Basis for Relief

6. Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion with or without notice reduce the notice period normally required for motions.

7. The Debtor filed the following motions (the "<u>First Day Motions</u>") contemporaneously herewith and requires expedited hearings and relief on, as follows:

   a. Debtor's Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief.

   b. Debtor's Motion Pursuant to 11 U.S.C. §§ 102 and § 105(a) and Bankruptcy Rules 2002(m) and 9007 Seeking Authority to Implement Certain Notice and Case Management Procedures.

   c. Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a)(8), and 541 for Authorization to (I) Pay Pre-Petition Taxes, Regulatory and Other Fees (I) Authorizing the Payment of Certain Prepetition Taxes and Fees, and (II) Granting Related Relief.

d. Debtor's Motion for Entry of Order (I) Approving the Debtor's Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, and (III) Granting Related Relief.

e. Debtor's Motion for Entry of Order (I) Authorizing the Debtor to (A) Continue to Operate Its Cash Management System, (B) Honor Certain Pre-Petition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (II) Granting Related Relief.

f. Debtor's Motion for Entry of Order Authorizing the Debtor to (I) Continue Insurance Coverage Entered into Pre-Petition and Satisfy Pre-Petition Obligations Related Thereto, (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (III) Continue Its Surety Bond Program, and (IV) Granting Related Relief.

g. Debtor's Motion for Entry of Order (I) Authorizing the Payment of Critical Vendor Claims, and (II) Granting Related Relief.

h. Debtor's Motion for Entry of Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief.

i. Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Secured Financing On a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral, (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting Related Relief.

**8.** The Debtor requires the relief sought herein due to the necessary timing of its payroll obligations. The Debtor has an upcoming payroll on Friday, February 1, 2019, in which it must distribute pay to its employees for the week ending in January 24, 2019, or January 25, 2019, depending on payment cycle. **The Debtor's payroll must be funded by this Thursday. Therefore, in order to make its upcoming payroll on Friday, February 1, 2019, the latest point by which the Debtor could have a hearing to approve the relief sought is Wednesday, January 31, 2019.**

9. Additionally, as set forth in the Debtor's *Motion for Entry of Order (I) Authorizing the Debtor to (A) Continue to Operate its Cash Management System, (B) Honor Certain Pre-Petition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (II) Granting Related Relief*, the Debtor currently has an account at CoBank which holds cash sufficient to fund checks issued in the ordinary course of business, many of which are made payable to critical vendors such as farmers and ingredient suppliers, in the combined amount of approximately $830,000 prior to the Commencement Date. **To the extent any of these checks are presented for payment on Tuesday, such checks will be dishonored by CoBank unless this Court enters an Order approving the relief sought herein no later than 12:00 p.m. (MST) on Wednesday, January 30, 2019.** Accordingly, in order to prevent the dishonoring of such checks, which would have a significant negative effect on the Debtor's business operations, **the Debtor requests the Court to enter an Order setting the First-Day Motions for hearing in the early morning hours of Wednesday, January 30, 2019**. [2]

10. The First Day Motions represent the minimum relief necessary to allow the Debtor to meet its obligations under the Bankruptcy Code, assist the Court in efficiently managing this chapter 11 case and sustain the Debtor's operations for the benefit of the Debtor's estate and creditors. Many of the First Day Motions are purely procedural and others are critical to continuing the Debtor's operations and maximizing potential returns to creditors.

11. The various forms of relief requested in the First Day Motions are common in bankruptcies of the size and complexity of this chapter 11 case. Scheduling expedited hearings on the First Day Motions will benefit the Debtor, the Debtor's creditors, and all parties in

---

[2] The Debtor has been informed that there may be inclement winter weather on Tuesday, January 29, 2019, and Wednesday, January 30, 2019. In the event such weather prevents the Court from holding a live hearing on the First-Day Motions on or before the morning hours of Wednesday, January 30, 2019, the Debtor requests that the Court schedule an emergency telephonic hearing to address the First-Day Motions in order to prevent harm to the Debtor's operations.

04706232.2                                                    4

interest. *See In re Moore-Handley, Inc.*, Case No. 09-04198 (TBB) (Bankr. N.D. Ala. July 17, 2009) (granting motion to expedite hearings on first day motions). Accordingly, cause exists under Bankruptcy Rule 9006 to reduce the notice period for hearings on the First Day Motions.

## Notice

12. The Debtor will provide notice of this Motion to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) counsel to the proposed DIP Lender; (d) the International Chemical Workers Union Council of the United Food and Commercial Workers Union and Its Local 1038C; (e) the United States Attorney's Office for the Northern District of Alabama; (f) the Internal Revenue Service; (g) the United States Environmental Protection Agency; (h) the Alabama Department of Environmental Management; (i) the United States Department of Agriculture; (j) the United States Food and Drug Administration; (k) the Alabama Department of Agriculture & Industries – Weights and Measures Division; (l) the office of the Attorney General for the State of Alabama; (m) any other party receiving notice of any other First Day Motions; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this the 28th day of January, 2019.

/s/ J. Leland Murphree
J. Leland Murphree
Jayna P. Lamar
Ryan D. Thompson
Evan N. Parrott
Wes Bulgarella

*Proposed Counsel to the Debtor*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North,
2400 Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000
lmurphree@maynardcooper.com
jlamar@maynardcooper.com
rthompson@maynardcooper.com
eparrott@maynardcooper.com
wbulgarella@maynardcooper.com

# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-70152 |
| SOUTHFRESH AQUACULTURE, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## ORDER SETTING FIRST DAY MOTIONS FOR EXPEDITED HEARING

Upon the motion (the "Motion") of the above-captioned Debtor and Debtor in possession (the "Debtor") for entry of an order (this "Order"), setting the First Day Motions for expedited hearing and granting them such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Northern District of Alabama, dated January 12, 1995; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

04706232.2                                                8

1. The Motion is granted as set forth herein.

2. The First Day Motions are hereby set for hearings at the United States Bankruptcy Court for the Northern District of Alabama, Western Division, 2005 University Boulevard, Tuscaloosa, AL 35401 on _____, January __, 2019 at _____ _.m. (prevailing Central Time) and the notice periods for the hearings on the foregoing motions are reduced accordingly. The Debtor, proposed counsel for the Debtor, or any other agent for the Debtor, shall provide notice of such hearings by serving a copy of this Order on the service lists identified in the First Day Motions.

3. The First Day Motions will be heard in the order listed on the agenda attached hereto as **Exhibit 1**.

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:

                                                     UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Proposed Hearing Agenda**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. |
| SOUTHFRESH AQUACULTURE, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF AGENDA FOR HEARING ON FIRST DAY MOTIONS SCHEDULED FOR JANUARY \_\_, 2019, AT _____ \_.M. (PREVAILING CENTRAL TIME), BEFORE THE HONORABLE JENNIFER H. HENDERSON AT THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA, LOCATED AT 2005 UNIVERSITY BLVD., TUSCALOOSA, AL 35401[3]**

1. Voluntary Chapter 11 Petition

2. Declaration of Justin Funk, Chief Financial Officer of SouthFresh Aquaculture, LLC, in Support of Chapter 11 Petition and First Day Pleadings (the "Declaration"). [Docket No. _____, filed January 28, 2019].

    **Status**: The Declaration will be relied upon as evidentiary support for the first day matters listed below.

**First Day Matters**

3. Debtor's Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs and (II) Granting Related Relief. [Docket No. \_\_, filed January 28, 2019].

    **Status**: This matter is going forward.

4. Debtor's Motion Pursuant to 11 U.S.C. §§ 102 and § 105(a) and Bankruptcy Rules 2002(m) and 9007 Seeking Authority to Implement Certain Notice and Case Management Procedures. [Docket No. \_\_, filed January 28, 2019].

    **Status**: This matter is going forward.

5. Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a)(8), and 541 for Authorization to (I) Pay Pre-Petition Taxes, Regulatory and Other Fees (I) Authorizing

---

[3] Any party who wishes to attend telephonically is required to make arrangements through CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946).

the Payment of Certain Prepetition Taxes and Fees, and (II) Granting Related Relief. [Docket No. __, filed January 28, 2019].

> **Status:** This matter is going forward.

6. Debtor's Motion for Entry of an Order (I) Approving the Debtor's Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, and (III) Granting Related Relief. [Docket No. __, filed January 28, 2019].

   > **Status**: This matter is going forward.

7. Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (II) Granting Related Relief. [Docket No. __, filed January 28, 2019].

   > **Status**: This matter is going forward.

8. [Docket No. __, filed January 28, 2019].

   > **Status**: This matter is going forward.

9. Debtor's Motion for Entry of Order Authorizing the Debtor to (I) Continue Insurance Coverage Entered into Pre-Petition and Satisfy Pre-Petition Obligations Related Thereto, (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (III) Continue Its Surety Bond Program, and (IV) Granting Related Relief. [Docket No. __, filed January 28, 2019].

   > **Status**: This matter is going forward.

9. Debtor's Motion for Entry of Order (I) Authorizing the Payment of Critical Vendor Claims, and (II) Granting Related Relief. [Docket No. __, filed January 28, 2019].

   > **Status**: This matter is going forward.

10. Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief. [Docket No. __, filed January 28, 2019].

    > **Status**: This matter is going forward.

11. Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Secured Financing On a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral, (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting Related Relief. [Docket No. __, filed January 28, 2019].

**Status**:   This matter is going forward with respect to an interim order.

Dated:

_____
UNITED STATES BANKRUPTCY JUDGE

04706232.2                                13