IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-70152 |
| SOUTHFRESH AQUACULTURE, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST HEARING

**PLEASE TAKE NOTICE THAT**, if you object to the below described motion (hereinafter defined as the "Motion") or this order, you must file an objection with the Clerk of Court (an "Objection") by **February 28, 2019** (the "Objection Deadline"), and you must serve the Objection on the movant and all other appropriate persons.

**PLEASE TAKE FURTHER NOTICE THAT** Objections must be filed with the Clerk of Court electronically, by hand delivery, or by mail. The Clerk's office is located at 2005 University Boulevard, Room 2300, Tuscaloosa, Alabama 35401. If you mail your Objection to the Clerk's office, you must send the Objection in time for the Clerk's office to **receive** your Objection by the Objection deadline. The Court will not consider untimely Objections.

**PLEASE TAKE FURTHER NOTICE THAT**, if you timely file and serve an Objection, the court will hold a final hearing on the Motion and your Objection on March 12, 2019 at 10:00 a.m. in Room 2600, United States Courthouse, 2005 University Boulevard, Tuscaloosa, Alabama 35401 (the "Final Hearing"); this order shall be treated as an interim order only; and the burden of proof with respect to the appropriateness of the relief requested in the Motion shall remain with the movant. If there are no timely Objections, this order shall be considered a final order on the Motion on March 1, 2019, and the Final Hearing will be cancelled.

**PLEASE TAKE FURTHER NOTICE THAT** transfers made pursuant to this order prior to this order becoming a final, non-appealable order may be subject to avoidance under 11 U.S.C. § 549, but financial institutions that receive, process, honor, or pay checks, ACH transfers, or other items payable through, drawn, or directed to a bank account of the above-named debtor in the good faith belief that the court hereby has authorized such check or other item to be honored (either on an interim or final basis) shall not be deemed liable to the debtor or the debtor's estate on account of such check or item.

# ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY PRE-PETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

This matter is before the court on the (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (i) authorizing the Debtor (a) to pay pre-petition wages, salaries, other compensation, and reimbursable expenses and (b) to continue employee benefits programs in the ordinary course of business, including payment of certain pre-petition obligations related thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court may enter a final order on the Motion consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the expedited hearing on the Motion held January 30, 2019 (the "Expedited Hearing") was appropriate under the circumstances and that notice of the opportunity to object to the Motion and to request a Final Hearing as set forth herein is sufficient; and this Court having reviewed the Motion and having heard and considered the statements and evidence offered in support of the relief requested in the Motion at the Expedited Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Expedited Hearing establish just cause for the relief granted herein; and based upon the filings, evidence, and all other matters before the Court, and for the reasons stated on the record of the Expedited Hearing, it is ORDERED:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, to continue and/or modify, change, and discontinue its Employee Obligations and to implement new programs, policies, and benefits, in

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

the ordinary course of business during this chapter 11 case and without the need for further Court approval, subject to applicable law. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of the Employee Obligations that are outside the ordinary course of business without prior Court approval.

3. The Debtor is authorized, but not directed, in its discretion, to pay and honor pre-petition amounts related to the Employee Obligations and its independent contractors.

4. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

5. Pursuant to Section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with any workers' compensation claims they may have in the appropriate judicial or administrative forum, and the Debtor is authorized to pay all pre-petition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to workers' compensation claims and any such claims must be pursued in accordance with the Debtor's workers' compensation insurance program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable workers' compensation insurance policy, including with regard to any policy limits or caps.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order. Financial institutions that receive, process, honor, or pay checks, ACH transfers, or other items payable through, drawn, or directed to a bank account of the Debtor in the good faith belief that the court hereby has authorized such check or other item to be honored on either an interim or final basis shall not be deemed liable to the Debtor or the Debtor's estate on account of such check or item.

8. The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to pre-petition amounts owed in connection with any Employee Obligations.

9. The terms and conditions of this Order are immediately effective and enforceable upon its entry and the Debtor may immediately authorized the payments described herein; *provided*, *however*, if an interested party files an Objection by the Objection Deadline, the Order shall be treated as an interim order only, and the burden of proof with respect to the appropriateness of the relief requested in the Motion shall remain with the Debtor at the Final Hearing. If there are no timely Objections, this order shall be considered a final order on the Motion on March 1, 2019, and the Final Hearing will not be held.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. Notwithstanding anything to the contrary in this Order, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of any interim order concerning post-petition secured financing and

any subsequently issued final order concerning post-petition secured financing entered by the Court.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13. Not later than February 5, 2019, the Debtor shall serve a copy of this Order on the service parties identified in the Motion and all other creditors and parties in interest included on the list of creditors filed in this case pursuant to 11 U.S.C. § 521(a)(1)(A) by United States First Class Mail, hand delivery, overnight courier, electronic mail, or facsimile, and promptly file proof of such service in the case.

**DONE** this the 31st day of January, 2019.

            /s/ JENNIFER H. HENDERSON
            UNITED STATES BANKRUPTCY JUDGE

Order Prepared by: Ryan D. Thompson

*/s/ Ryan D. Thompson*
J. Leland Murphree
Jayna P. Lamar
Ryan D. Thompson
Evan N. Parrott
Wes Bulgarella

*Proposed Counsel to the Debtor*

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North,
2400 Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000
lmurphree@maynardcooper.com
jlamar@maynardcooper.com
rthompson@maynardcooper.com
eparrott@maynardcooper.com
wbulgarella@maynardcooper.com