# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-70152 |
| SOUTHFRESH AQUACULTURE, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST HEARING

**PLEASE TAKE NOTICE THAT**, if you object to the below described motion (hereinafter defined as the "Second Critical Vendors Motion") or this order, you must file an objection with the Clerk of Court (an "Objection") by **March 15, 2019** (the "Objection Deadline"), and you must serve the Objection on the movant and all other appropriate persons.

**PLEASE TAKE FURTHER NOTICE THAT** Objections must be filed with the Clerk of Court electronically, by hand delivery, or by mail. The Clerk's office is located at 2005 University Boulevard, Room 2300, Tuscaloosa, Alabama 35401. If you mail your Objection to the Clerk's office, you must send the Objection in time for the Clerk's office to **receive** your Objection by the Objection Deadline. The court will not consider untimely Objections.

**PLEASE TAKE FURTHER NOTICE THAT**, if you timely file and serve an Objection, the Court will hold a final hearing on the Motion and your Objection on March 28, 2019 at 1:30 p.m. in Room 2600, United States Courthouse, 2005 University Boulevard, Tuscaloosa, Alabama 35401 (the "Final Hearing"); this order shall be treated as an interim order only; and the burden of proof with respect to the appropriateness of the relief requested in the Motion shall remain with the movant. If there are no timely Objections, this order shall be considered a final order on the Second Critical Vendors Motion on March 16, 2019, and the Final Hearing will be cancelled.

**PLEASE TAKE FURTHER NOTICE THAT** this order does not extend or otherwise affect the February 28, 2019 deadline for filing objections to the Court's prior *Order (i) Authorizing the Payment of Critical Vendor Claims and (ii) Granting Related Relief* (Doc. 29) (the "Initial Order"), which authorized the Debtor to pay Critical Vendor Claims (as said term is defined in the Initial Order) of up to $1,090,000.00. If no interested party files an objection to the Initial Order (or the motion referenced therein) by February 28, 2019, the Initial Order shall be considered a final (appealable) order on March 1, 2019, and payments made pursuant thereto shall be considered approved on a final basis. Objections to the Second Critical Vendors Motion or *this* order shall be considered objections to the Additional Critical Vendor Payments (as hereinafter defined) only, not the propriety of any payment of a Critical Vendor Claim made pursuant to the Initial Order.

**PLEASE TAKE FURTHER NOTICE THAT** transfers made pursuant to this order prior to this order becoming a final, non-appealable order may be subject to avoidance under 11 U.S.C. § 549, but financial institutions that receive, process, honor, or pay checks, ACH transfers, or other items payable through, drawn, or directed to a bank account of the above-named debtor in the good faith belief that the court hereby has authorized such check or other item to be honored (either on an interim or final basis) shall not be deemed liable to the debtor or the debtor's estate on account of such check or item.

04753981.1

# ORDER (I) AUTHORIZING THE PAYMENT OF
# CRITICAL VENDOR CLAIMS, AND (II) GRANTING RELATED RELIEF

This matter is before the court on the motion (the "Second Critical Vendors Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (i) authorizing, but not directing, the payment of critical vendor claims, and (ii) granting related relief, all as more fully set forth in the Second Critical Vendors Motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court may enter a final order on the Second Critical Vendors Motion consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Second Critical Vendors Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the expedited hearing on the Second Critical Vendors Motion held February 19, 2019 (the "Expedited Hearing"), was appropriate under the circumstances and that notice of the opportunity to object to the Second Critical Vendors Motion, and to request a Final Hearing as set forth herein is sufficient; and this Court having reviewed the Second Critical Vendors Motion and having heard and considered the statements and evidence offered in support of the relief requested in the Second Critical Vendors Motion at the Expedited Hearing; and this Court having determined that the legal bases approved in the Initial Order and the factual bases set forth in the Second Critical Vendors Motion and at the Expedited Hearing establish just cause for the relief granted herein; and based upon the filings, evidence, and all other matters before the Court, including the Initial Order, and for the reasons stated on the record of the Expedited Hearing, it is ORDERED,:

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Second Critical Vendors Motion.

1. The Second Critical Vendors Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, in the reasonable exercise of its business judgment, to pay all or part of, and discharge, on a case-by-case basis, additional Critical Vendor Claims in an amount not to exceed $380,000.00 (each, an "Additional Critical Vendor Payment," and collectively, the "Additional Critical Vendor Payments"). For the avoidance of doubt, this amount is in addition to the Critical Vendors Cap set forth in the Critical Vendors Motion as approved in the Initial Order.

3. In return for making any Additional Critical Vendor Payment pursuant to this Order, the Debtor will obtain an agreement from any party receiving such Additional Critical Vendor Payment to provide goods and/or services to the Debtor on Customary Trade Terms (as defined in the Initial Order) between the Debtor and the claimant. Further, any party that accepts or has accepted an Additional Critical Vendor Payment from the Debtor and has notice of this Order shall be deemed to agree to continue supplying goods and/or services to the Debtor on Customary Trade Terms if the party does not timely file an Objection hereto.

4. If any party accepts an Additional Critical Vendor Payment but does not continue supplying goods and/or services to the Debtor in accordance with the Customary Trade Terms, the Debtor may, pursuant to section 549 of the Bankruptcy Code, demand the return of, and take any and all appropriate steps to recover from such party, any Additional Critical Vendor Payment made to it on account of its pre-petition claim (each, a "Reversed Payment"), and upon recovery of such Reversed Payment by the Debtor, any prepetition claim of such party shall be reinstated as if the Additional Critical Vendor Payment had not been made; provided, that if an outstanding post-petition balance is due from the Debtor to the party who received the Reversed Payment, (i) the Debtor may elect to re-characterize and apply any payment made to such party as an Additional

Critical Vendor Payment pursuant to this Order to such outstanding post-petition balance, and (ii) such party will be required to repay to the Debtor any amount of the Reversed Payment that exceeds the post-petition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of Additional Critical Vendor Payments approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order. Financial institutions that receive, process, honor, or pay checks, ACH transfers, or other items payable through, drawn, or directed to a bank account of the Debtor in the good faith belief that the court hereby has authorized such check or other item to be honored on either an interim or final basis shall not be deemed liable to the Debtor or the Debtor's estate on account of such check or item.

6. The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests in making Additional Critical Vendor Payments, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to the pre-petition Critical Vendor Claim owed to the party receiving such Additional Critical Vendor Payment.

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry, and the Debtor may immediately authorize the Additional Critical Vendor Payments; *provided, however,* if an interested party files an Objection by the Objection Deadline, the Order shall be treated as an interim order only, and the burden of proof with respect to the appropriateness

of the Additional Critical Vendor Payments requested in the Second Critical Vendors Motion shall remain with the Debtor at the Final Hearing. If there are no timely Objections, this order shall be considered a final order on the Second Critical Vendors Motion on March 16, 2019, and the Final Hearing will not be held.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Second Critical Vendors Motion.

9. Notwithstanding anything to the contrary in this Order, any payment made (or to be made) and any authorization contained in this Order shall be subject to the terms, conditions, limitations, and requirements of any interim order concerning post-petition secured financing and any subsequently issued final order concerning post-petition secured financing entered by the Court.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11. Not later than February 22, 2019, the Debtor shall serve a copy of this Order on the service parties identified in the Second Critical Vendors Motion and all other creditors and parties in interest included on the list of creditors filed in this case pursuant to 11 U.S.C. § 521(a)(1)(A) by United States First Class Mail, hand delivery, overnight courier, electronic mail, or facsimile, and promptly file proof of such service in the case.

**DONE** this the 21st day of February 2019.

/s/ JENNIFER H. HENDERSON
UNITED STATES BANKRUPTCY JUDGE

Order Prepared by: Ryan D. Thompson

*/s/ Ryan D. Thompson*
J. Leland Murphree
Jayna P. Lamar

Ryan D. Thompson
Evan N. Parrott
Wes Bulgarella

*Proposed Counsel to the Debtor*

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North,
2400 Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000
lmurphree@maynardcooper.com
jlamar@maynardcooper.com
rthompson@maynardcooper.com
eparrott@maynardcooper.com
wbulgarella@maynardcooper.com