## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. 19-70152-JHH |
| SOUTHFRESH AQUACULTURE, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

## DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

SouthFresh Aquaculture, LLC, as debtor and debtor-in-possession (the "Debtor"), hereby applies (the "Application") for entry of an order substantially in the form of **Exhibit "A"** attached hereto (the "Proposed Order") pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the retention and employment of Mayo Mallette, PLLC ("Mayo Mallette") as the Debtor's special counsel *nunc pro tunc* to the Petition Date (as defined below) for the purpose of representing the Debtor in pending litigation with Double Wheel Ranch, LLC (the "Lawsuit"). In support of this Application, the Debtor relies upon the Declaration of John D. Mayo (the "Mayo Declaration"), attached hereto as **Exhibit "B"**, and respectfully states as follows:

### JURISDICTION AND NOTICE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code")

04830507.1

and rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On August 2, 2017, Double Wheel Ranch, LLC, Thed Spree, and Julia Burke Spree filed a lawsuit against the Debtor (the "Lawsuit") in the Circuit Court of Greene County, Alabama, styled *Double Wheel Ranch, LLC, et al. v. SouthFresh Aquaculture, LLC*, Case No. CV-2017-900047.00. This matter was filed in August 2017 by Double Wheel Ranch, LLC ("Double Wheel"), a catfish farming operation, and its principals, Thed Spree and Julia Burke Spree (together with Double Wheel referred to as the "Sprees"), against the Debtor, related to catfish processing rights agreements the Sprees purchased from third parties. The Debtor has filed an amended counterclaim for damages in excess of $400,000 related to the Spree's failure to provide Debtor with catfish. Currently pending in the Lawsuit are the Sprees' 12(b)(6) motion to dismiss the Debtor's amended counterclaim and the Sprees' motion to amend the complaint to add additional claims and parties related to Debtor, including its parent company, AFC, and several officers and directors of both Debtor and AFC. The Lawsuit is currently stayed, and these motions have not been heard.

4.     On January 28, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant case (the "Chapter 11 Case"). The Debtor continues to manage and operate its business as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

5.     A description of the Debtor's business and the events leading to the filing of the Chapter 11 Case are set forth in the *Declaration of Justin Funk, Chief Financial Officer of*

Case 19-70152-JHH11    Doc 229    Filed 04/26/19    Entered 04/26/19 08:53:11    Desc
Main Document      Page 2 of 43

*SouthFresh Aquaculture, LLC, in Support of Chapter 11 Petitions and First Day Motions*, filed on January 28, 2019 and incorporated herein by reference.

<u>**RELIEF REQUESTED**</u>

6.        By this Application, the Debtor seeks the authority to employ and retain Mayo Mallette as special counsel to represent the Debtor in resolution of the claims and counterclaim related to the Lawsuit.

7.        The Debtor retained Mayo Mallette to represent the Debtor in the Lawsuit and Mayo Mallette has acted in that role since the beginning of the Lawsuit. Now that Debtor has filed a petition for relief under the Bankruptcy Code, Debtor requests that Mayo Mallette be retained as special counsel to represent the Debtor to resolve the claims and counterclaims related to the Lawsuit because of the extensive experience and knowledge that Mayo Mallette has in serving as litigation counsel to the Debtor. In this role, Mayo Mallette has been instrumental to the Debtor's needs in the Lawsuit. Mayo Mallette has worked closely with the Debtor's management, and Mayo Mallette is well-acquainted with, and has developed relevant experience and historical knowledge regarding, the claims and counterclaim in the Lawsuit. Mayo Mallette will continue to provide effective, efficient, and critical services to the Debtor in the Lawsuit and Chapter 11 Case.

<u>**SCOPE OF SERVICES**</u>

8.        Mayo Mallette has represented the Debtor in general litigation matters since 2003 and in the Lawsuit since its filing in 2017. As a result, Mayo Mallette has significant institutional knowledge about the Debtor's businesses and operations and are familiar with the Debtor's legal needs with respect to the Lawsuit. Accordingly, Mayo Mallette has significant relevant experience to effectively and efficiently represent the Debtor's interests with respect to the Lawsuit.

04830507.1

3

9.     The Debtor believes that Mayo Mallette is both well-qualified and uniquely able to represent it as special counsel in connection with the Lawsuit in an efficient and effective manner. Mayo Mallette has extensive experience representing the Debtor in general litigation matters and specifically in its role as litigation counsel to the Debtor in the Lawsuit. Moreover, Mayo Mallette has considerable knowledge of the impact of the Lawsuit on the Debtor's businesses and operations. Hiring new legal counsel to represent the Debtor with respect to the resolution of the claims and counterclaim related to the Lawsuit would be inefficient and unduly disruptive. As such, retaining Mayo Mallette is the most efficient and cost-effective manner in which the Debtor may obtain these necessary services during the Chapter 11 Case.

10.     The Debtor seeks to retain Mayo Mallette to render necessary services relating to representing the Debtor in resolving the claims and counterclaim related to the Lawsuit during the pendency of the Chapter 11 Case. The professional services that Mayo Mallette, through their attorneys, will render include:

   a)     Preparing the necessary pleadings, submissions, and other legal documents in connection with the claims and counterclaim related to Lawsuit;

   b)     Advising and assisting the Debtor in connection with overall legal strategy concerning the claims and counterclaim related to the Lawsuit; and

   c)     Performing all other necessary or appropriate legal services in connection with the claims and counterclaim related to the Lawsuit.

### NO ADVERSE INTEREST

11.     For the reasons stated herein, the Debtor believes that Mayo Mallette is well-qualified to represent it in connection with the resolution of the claims and counterclaim related to Lawsuit in the Chapter 11 Case, and that the retention of Mayo Mallette is necessary and in the best interests of the Debtor, the Debtor's estate, and the Debtor's creditors. In addition to the statements below, the Debtor incorporates herein by reference the Mayo Declaration attached

hereto as **Exhibit "B"** for the assertion that Mayo Mallette does not represent or hold any interest adverse to the Debtor or to the estate with respect to the Lawsuit.[1]

12.     Moreover, to the best of the Debtor's information and belief:

a)      Mayo Mallette is not a creditor, equity security holder, or an insider of the Debtor;

b)      Mayo Mallette is not, nor has within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

c)      Mayo Mallette does not have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor.

## COMPENSATION

13.     The professional services provided by Mayo Mallette are necessary to enable the Debtor to resolve the claims and counterclaim related to the Lawsuit. Mayo Mallette has informed the Debtor that, subject to the Court's approval, it will provide legal services to the Debtor on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and under the same rates and terms as those that were already in effect prior to the filing of the bankruptcy petition. Subject to an agreed hourly rate cap for this Chapter 11 Case, the Debtor seeks to employ Mayo Mallette at Mayo Mallette's standard hourly rates for work of this nature, subject to the approval of the Court upon proper application for compensation. As set forth in the Mallette Declaration, the standard hourly billing rates of Mayo Mallette employees are as follows:

| Partner | $250-$350 per hour |
|---------|--------------------|
| Counsel | $230 per hour      |

---

[1] This Application is filed under section 327(e) of the Bankruptcy Code to approve Mayo Mallette as special counsel to the Debtor. Nonetheless, out of an abundance of caution, the Debtor submits that Mayo Mallette is also a "disinterested person" as required by section 327(a) of the Bankruptcy Code.

| | |
|---|---|
| Associates | $175 -$200 per hour |
| Paralegals/Legal Assistants | $100 per hour |

14.     While other Mayo Mallette lawyers may be consulted and may appear on behalf of the Debtor in the resolution of the claims and counterclaim related to the Lawsuit as necessary, the principal attorneys designated to represent the Debtor, along with their current hourly rates, are:

| | |
|---|---|
| Pope S. Mallette | $250 per hour |
| John D. Mayo | $230 per hour |

15.     The Debtor believes that the standard hourly rates set forth in the Mallette Declaration are fair and reasonable and are commensurate with the standard hourly rates Mayo Mallette customarily bills to its non-bankruptcy clients and are the same rates that were in effect prior to the filing of the bankruptcy petition. The Debtor understands that these standard rates are subject to adjustment from time to time in the ordinary course of Mayo Mallette's business (typically annually).

16.     In addition to the hourly billing rates set forth above, Mayo Mallette customarily charges its clients for all costs and expenses incurred. Subject to Court approval, Mayo Mallette also shall seek reimbursement of the actual, necessary expenses incurred by Mayo Mallette on behalf of the Debtor and the Debtor's estate in connection with the resolution of the claims and counterclaim related to the Lawsuit. The Debtor understands that such expenses shall include, without limitation, travel costs, express mail costs, messenger and delivery service costs, copying costs, document processing costs, overtime assistance charges, computerized research costs, court fees, transcription costs, and, in general, all identifiable expenses that would not have been

incurred except for the representation. The Debtor believes that the foregoing compensation arrangement is fair and reasonable.

17.     Section 328 of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Thus, section 328(a) permits the Court to approve the terms of the hourly rate engagement of Mayo Mallette.

18.     As recognized by numerous courts, Congress intended in section 328(a) to enable debtors to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to reversal only if the terms are found to be "improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *see Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-63 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment."); *accord Riker, Danzig, Scherer, Hyland & Perretti LLP v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC)*, 383 B.R. 869, 874 (S.D.N.Y. 208) (quoting *In re Nat'l Gypsum*, 123 F.3d at 862-63); *In re Westbrooks*, 202 B.R. 520 (Bankr. N.D. Ala. 1996).

19.     The Debtor believes that the compensation terms proposed herein are reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. Such terms and provisions appropriately reflect (i) the nature of the services to

Case 19-70152-JHH11    Doc 229    Filed 04/26/19    Entered 04/26/19 08:53:11    Desc
Main Document      Page 7 of 43

be provided by Mayo Mallette; and (ii) the hourly fee arrangement agreed to by Mayo Mallette in defending the Lawsuit. In particular, the Debtor believes that this fee arrangement is fair and reasonable to the Debtor because it permits the Debtor to engage Mayo Mallette to pursue the Lawsuit.

20.     As of the Petition Date, Mayo Mallette was not a creditor of the Debtor.

21.     The Debtor believes that it is necessary and in the best interest of the Debtor's estate and creditors to employ and retain Mayo Mallette to render professional services on its behalf in this Chapter 11 Case.

22.     The Debtor is providing notice of this Motion to all creditors and parties in interest listed in the Creditor Matrix currently filed with the Court and will file a separate certificate of service with the Court.

23.     WHEREFORE, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit "A"**, granting the requested relief, and granting such other relief as is just and proper.

*/s/ J. Leland Murphree*
J. Leland Murphree
Jayna P. Lamar
Ryan D. Thompson
Evan N. Parrott
Wes Bulgarella

*Counsel to the Debtor*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North,
2400 Regions/Harbert Plaza
Birmingham, AL 35203
(205) 254-1000
lmurphree@maynardcooper.com

04830507.1

8

jlamar@maynardcooper.com
rthompson@maynardcooper.com
eparrott@maynardcooper.com
wbulgarella@maynardcooper.com

04830507.1

Case 19-70152-JHH11    Doc 229    Filed 04/26/19    Entered 04/26/19 08:53:11    Desc
Main Document      Page 9 of 43

**Exhibit "A"**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE: )
)
)                Case No. 19-70152-JHH
SOUTHFRESH AQUACULTURE, LLC, )
)                Chapter 11
Debtor. )

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SPECIAL COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the Application[2] of the Debtor for an Order authorizing the retention and employment of Mayo Mallette as special counsel effective *nunc pro tunc* to the Petition Date pursuant to sections 327(e) and 328(a) of the Bankruptcy Code and rule 2014 of the Bankruptcy Rules; and upon consideration of the Mayo Declaration in support thereof, and the pleadings of record, the arguments and representation of counsel; and the Court being satisfied based on the representations made in the Application and the Mayo Declaration that said attorneys represent no interest adverse to the Debtor's estate with respect to the matters upon which they are to be engaged; that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and is in the best interests of the Debtor's estate; and it appearing that the Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 and that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that adequate and proper notice of the Application has been given and that no other or

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

04830507.1

11

further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.     The Application is GRANTED, as set forth herein.

2.     In accordance with sections 327(e) and 328(a) of the Bankruptcy Code, the Debtor, as debtor-in-possession, is hereby authorized to employ and retain Mayo Mallette as special counsel to represent it in the resolution of the claims and counterclaim related to the Lawsuit on an hourly fee basis, as set forth in the Application and the Mayo Declaration, effective *nunc pro tunc* to the Petition Date.

3.     Mayo Mallette shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as the Court may direct.

4.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2019.


_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit "B"**

**Mayo Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|                             |     |                        |
|-----------------------------|-----|------------------------|
| IN RE:                      | )   |                        |
|                             | )   | Case No. 19-70152-JHH  |
| SOUTHFRESH AQUACULTURE, LLC,| )   |                        |
|                             | )   | Chapter 11             |
| Debtor.                     | )   |                        |

### DECLARATION OF JOHN D. MAYO IN SUPPORT OF THE DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SPECIAL COUNSEL *NUNC PRO TUNC TO THE PETITION DATE*

I, John D. Mayo, declare the following:

1.      I am a practicing attorney with the law firm of Mayo Mallette, PLLC ("Mayo Mallette" or the "Firm"). Mayo Mallette contains an office for the practice of law at 2094 Old Taylor Road, Suite 200, Oxford, Mississippi 38655.

2.      I am admitted to practice law in the state of Mississippi and all federal courts in the state of Mississippi.

3.      I am admitted to practice law in the state of Alabama and all federal courts in the state of Alabama.

4.      I submit this declaration in connection with the Debtor's *Application for an Order Authorizing the Retention and Employment of Special Counsel* Nunc Pro Tunc *to the Petition Date* (the "Application")[3] in this chapter 11 case (the "Chapter 11 Case") on an hourly fee basis, in compliance with Sections 328(a), 329, and 504 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Unless otherwise stated herein, I have personal knowledge of the facts set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

04830507.1

14

5.      I have appeared for the Debtor in the Lawsuit.  Further, by order of the Circuit Court of Greene County, Alabama, entered on September 21, 2017, Pope S. Mallette, also of the Firm, was admitted *pro hac vice* as counsel for Debtor in the Lawsuit.  Pope S. Mallette is licensed to practice law in the state of Mississippi, and all federal courts in the state of Mississippi.

6.      Subject to the qualifications herein and to the best of my knowledge, neither I, Mayo Mallette, nor any partner, counsel, or associate of the Firm represents any entity other than the Debtor in connection with the Debtor's Chapter 11 Case. In addition, except as set forth herein, to the best of my knowledge, after an inquiry conducted by attorneys and other Mayo Mallette personnel working under my supervision, neither I, Mayo Mallette, nor any partner, counsel to, or associate of the Firm represents any party in interest in this Chapter 11 Case or in matters related to this Chapter 11 Case.

7.      Mayo Mallette has in the past represented, currently represents, and may in the future represent, in matters unrelated to the Chapter 11 Case, entities that are claimants or interest holders of the Debtor. Some of those entities are, or may consider themselves to be, creditors or parties in interest in the Chapter 11 Case or to otherwise have interests in these cases.

8.      In preparing this Declaration, I relied on information brought to my attention pursuant to procedures Mayo Mallette has used to evaluate compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Internal Review Procedures"). Pursuant to the Internal Review Procedures, the Firm has taken the following actions to identify the parties relevant to this Declaration and to ascertain Mayo Mallette's connection to such parties.

      a.      The Debtor, after a review of its records in consultation with its bankruptcy counsel, created a list that included the following entities: the Debtor's non-debtor affiliates and subsidiaries, the Debtor's current and former (past 5 years) directors and officers, the Debtor's pre-petition lenders; the Debtor's

shareholder; the Debtor's operational counterparties; the Debtor's significant landlords and lessors; the Debtor's significant equipment lessors; the Debtor's financial advisors, accountants and other professionals, the Debtor's counterparties in ongoing litigation; taxing authorities relevant to the Debtor; permit issuers and regulators relevant to the Debtor; unions; insurers; utilities; surety bond holders; the Debtor's significant customers; and all other creditors or parties in interest listed in the most recent creditor matrix filed with the Court (with the exception of the Debtor's employees) (the "<u>Potential Parties in Interest</u>"). A list of the Potential Parties in Interest is attached hereto as **Exhibit "1"**.

b.   Mayo Mallette compared each of the Potential Parties in Interest to the Firm's client database (the "<u>Mayo Mallette Database</u>"). It is the policy of Mayo Mallette that no new matter may be accepted or opened without completing and submitting to those in charge of maintaining the Mayo Mallette Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other relevant parties. Accordingly, the Mayo Mallette Database is regularly updated for every new client retaining Mayo Mallette and significant matters undertaken for each new client.

9.   I reviewed any parties thus identified that Mayo Mallette represents as a client or has represented as a client within the last two years. Based upon such review, I believe that Mayo Mallette does not hold or represent an interest that is adverse to the Debtor's estate (with any relevant representations identified below), and that Mayo Mallette is a "disinterested person," as such term is defined by section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a)[4] and referenced by section 328(c) of the Bankruptcy Code, neither holds nor represents any interest adverse to the Debtor and its estate, in that:

a)   Mayo Mallette is not a creditor, equity security holder, or an insider of the Debtor;

b)   Mayo Mallette is not, nor has within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

---

[4] The Application is filed under section 327(e) of the Bankruptcy Code to approve Mayo Mallette as special counsel to the Debtor. Nonetheless, out of an abundance of caution, Mayo Mallette submits that it is also a "disinterested person" as required by section 327(a) of the Bankruptcy Code.

c)   Mayo Mallette does not have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor.

10.   Disclosure with respect to any connections Mayo Mallette has or had with the Debtor, its significant creditors, or any other Potential Parties in Interest, any of their respective attorneys and accounts, insofar as I have been able to ascertain after reasonable inquiry, is set forth below:

a.   Mayo Mallette has rendered legal services to the Debtor in connection with the Lawsuit since 2017.

b.   Except as otherwise set forth herein, Mayo Mallette has represented within the last two years, and/or currently represents, and may represent in the future, the non-Debtor Potential Parties in Interest identified on the list attached hereto as **Exhibit "2"** in matters unrelated to the Debtor. The list attached hereto as Exhibit 2 is the product of the implementation of the Internal Review Procedures. Except as noted in subparagraph (c) below, with respect to each entity listed in Exhibit 2, Mayo Mallete was engaged for specific transactions or litigation, none of which relates to the Debtor or this Chapter 11 Case. Mayo Mallette has not, does not, and will not represent the foregoing entities or any of their respective affiliates with respect to matters related to the Debtor or the Chapter 11 Case. Mayo Mallette's relationship or former relationship with these entities will not impair or affect Mayo Mallette's ability to discharge its duties to the Debtor and its estate.

c.   Mayo Mallette provided counsel to Alabama Farmers Cooperative, Inc. ("AFC"), the Debtor's member and primary pre-petition and post-petition lender, and certain of its affiliates in 2009 related to AFC's refinancing of a credit facility. The representation was limited to providing an opinion letter to AFC's financier on the form of a Deed of Trust on property held by AFC in Mississippi. Since the representation in that refinancing matter, Mayo Mallette has not represented AFC in any matters. During the course of its representation of the Debtor in the Lawsuit, Mayo Mallette previously advised AFC, certain of its executives, and its board members (some of whom are Potential Parties in Interest) regarding the Lawsuit and its potential impact on AFC. However, Mayo Mallette was never retained by AFC, these executives, or AFC's board for representation in the Lawsuit, nor did Mayo Mallette ever bill AFC for these discussions. Mayo Mallette does not and will not represent AFC or any of its respective affiliates with respect to matters related to the Debtor, the Chapter 11 Case, or the Lawsuit. Mayo Mallette's relationship or former relationship with AFC and certain

Case 19-70152-JHH11   Doc 229   Filed 04/26/19   Entered 04/26/19 08:53:11   Desc
Main Document   Page 17 of 43

of its affiliates will not impair or affect Mayo Mallette's ability to discharge its duties to the Debtor and its estate.

11.     Partners, counsel, and associates of Mayo Mallette, including attorneys that may be engaged in Mayo Mallette's representation of the Debtor, may have in the past been employed by various Potential Parties in Interest, or, when previously employed by other law firms or professional service firms, may have performed services for various Potential Parties in Interest. I do not believe any such connections would in any way affect Mayo Mallette's ability to effectively represent the Debtor.

12.     It is possible that former Mayo Mallette attorneys are, or were, after leaving Mayo Mallette, affiliated with various Potential Parties in Interest. I do not personally know of any such connections, however, and do not believe any such connection would in any way affect Mayo Mallette's ability to effectively represent the Debtor.

13.     It is my understanding that no Mayo Mallette attorney or their respective immediate family members own the Debtor's stock or are creditors of the Debtor. Mayo Mallette attorneys invest in a broad array of mutual funds, some of which either currently or may in the future own securities of the Debtor or some of its creditors.

14.     Mayo Mallette appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which have represented in the past, represent now, or may represent in the future claimants or other parties in interest in these cases. Mayo Mallette is not aware of any relationship it has with such attorneys, accountants, financial consultants, and investment bankers that would be adverse to the Debtor or its estate.

15.     It is possible that certain Potential Parties in Interest have provided, and in some ways continue to provide, services to Mayo Mallette wholly unrelated to the Debtor, the Chapter

11 Case, or the Lawsuit. I do not, however, believe that the past or current provision of any services by certain Potential Parties in Interest to Mayo Mallette would in any way affect Mayo Mallette's ability to represent the Debtor effectively.

16.     In light of the extensive number of the Debtor's creditors and parties in interest, and the fact that the identity of such entities change frequently, neither I nor the Firm are able to conclusively identify all potential relationships at this time, and reserve the right to supplement this disclosure as additional relationships come to our attention. To the extent I become aware of any additional relationship that may be relevant to Mayo Mallette's representation of the Debtor, I will promptly file a supplemental affidavit.

17.     Mayo Mallette received no retainer payments from the Debtor prior to the Petition Date. As of the filing of this Chapter 11 Case, Mayo Mallette was not a creditor of the Debtor. In the 90 days prior to the Petition Date, Mayo Mallette received the following payments from Debtor:

- Invoice # 19520 dated 11/09/2018 for $7,899.35 received 11/26/2018

- Invoice # 19525 dated 11/09/2018 for $11,064.01 received 11/26/2018

- Invoice # 19574 dated 12/10/2018 for $20,206.00 received 12/17/2018

- Invoice # 19608 dated 01/09/2019 for $29,234.57 received 01/22/2019

- Invoice # 19609 dated 01/09/2019 for $1,132.50 received 01/22/2019

- Invoice # 19629 dated 01/25/2019 for $34,153.40 received 01/28/2019 at 8:27 am

18.     The professional services of Mayo Mallette are necessary to enable the Debtor to resolve the claims and counterclaim related to the Lawsuit. Subject to this Court's approval, Mayo Mallette will provide legal services to the Debtor on an hourly rate basis. Specifically, Mayo

Mallette, will prepare the necessary pleadings, submissions, and other legal documents in connection with the resolution of the claims and counterclaim related to the Lawsuit; advise and assist the Debtor in connection with overall legal strategy concerning the claims and counterclaim related to the Lawsuit; and will perform all other necessary or appropriate legal services for the Debtor in connection with the claims and counterclaim related to the Lawsuit. The current hourly billing rates for the Mayo Mallette attorneys of record in the Lawsuit are Pope S. Mallette ($250 per hour) and John D. Mayo ($230 per hour). In addition, the current hourly billing rate for Mayo Mallette legal assistants is $100 per hour. In the future, additional Mayo Mallette attorneys may seek to appear on behalf of the Debtor in the Lawsuit. Should additional appearances become necessary they would likely be J. Cal Mayo ($350 per hour) and J. Andrew Mauldin ($175 per hour).

19.     Upon the settlement or conclusion of the claims and counterclaim related to the Lawsuit, Mayo Mallette will file a motion to approve the final fee application, which will disclose the fees proposed to be paid to Mayo Mallette and seek approval of said fees pursuant to section 330 of the Bankruptcy Code. Mayo Mallette will submit time records in support of its fee applications. I understand that final allowance of Mayo Mallette's fees and expenses is subject to Court approval under sections 330 and 331 of the Bankruptcy Code.

20.     Except as disclosed herein, no promises have been received by Mayo Mallette, nor any other partner or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Mayo Mallette has received no promise for compensation from any source other than the Debtor and has no agreement with any other entity to share with such entity any compensation received by Mayo Mallette.

21.    The foregoing constitutes the statement of Mayo Mallette pursuant to sections 327, 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Dated this the 25 day of _April_, 2019.

_____
John D. Mayo

04830507.1

## Exhibit "1"

**Potential Parties in Interest**

- SouthFresh Aquaculture, LLC

- Alabama Farmer's Cooperative

- CoBank

- Merchant and Farmers Bank

- Regions Bank

- Robertson Banking Company

- Fisher Bottrell Insurane, Inc.

- Travelers C&S of America

- The International Chemical Workers Union Council of the United Food and Commercial Workers Union and Its Local 1038C

- The Environmental Protection Agency

- The Alabama Department of Environmental Management

- United States Department of Agriculture

- United States Food and Drug Administration

- Alabama Department of Agriculture & Industries – Weights and Measures Division

- Alabama Department of Revenue

- Department of the Treasury

- Greene County Revenue Commissioner

- Marengo County Revenue Commissioner

- Tuscaloosa County Tax Assessor

- Alabama Department of Environmental Management

- Alabama Department of Agriculture

- Mississippi Department of Agriculture

- Mississippi Department of Revenue

- Mississippi Department of Agriculture & Commerce

- United States Department of Agriculture

- United States Department of Commerce

- United States Food & Drug Administration

- Hale County Tax Collector

- Maynard, Cooper & Gale, P.C.

- Mayo Mallette PLLC

- Hartford Financial Services Group, Inc.

- Travelers Casualty & Surety Company

- Great American Insurance Company

- National Union Insurance Company

- Federal Insurance Company

- Aspen Insurance Holdings Limited

- Great American Insurance Company

- Alabama Farmers Insurance Company for Cooperative, Inc.

- Sentry Insurance

- United Specialty Insurance Company

- Cigna

- Lloyd's of London

- Ironshore, Inc.

- AXIS Capital

- Colony Insurance Company

- First Specialty Insurance Corporation

- RSUI Group, Inc.

- Evanston Insurance Company

04830507.1

24

- Navigators Insurance Company

- A La Carte Specialty Foods

- AB Vista, Inc.

- ADM Milling Co.

- Advanced Disposal Services

- AFLAC, Inc.

- Alabama Department of Agriculture

- Alabama Department of Agriculture & Industries – Weights and Measures Division

- Alabama Department of Environmental Management

- Alabama Department of Revenue

- Alabama Elevator & Accessibility, Inc.

- Alabama Power Company

- Alabama State Port Authority

- Ruben Alfaro

- Allen and Willis

- American Colloid

- Ampro Products, Inc.

- Andretti Robertson

- Applied Industries Technologies

- Aramark Uniform & Career Apparel Group

- Arthur J. Gallagher (UK) Limited

- Aspen Specialty Insurance Company

- AT&T, Inc.

- Atlas Welding Supply Co.

- Automation Personnel Services, Inc.

- Axis Surplus Insurance Company

- Baader North America

- BancorpSouth Equipment Finance

- Demarious D. Banks

- Shaundricka S. Benison

- Blue Cross Blue Shield of Alabama

- Bucksaw Ridge

- Bunzl Processor Division

- Cain Steel & Supply

- Canadian Biosystems, Inc.

- Charles Solomon

- Christon Peaster

- Cigna

- Cintas Corporation

- City of Demopolis

- City of Eutaw Water Department

- City of Northport Water & Sewer Department

- Collins Communication

- Collum Food Processing Machinery

- Colonial Bag Company

- Colony Insurance Company

- Commodity Specialists

- Covia Lime, LLC

04830507.1

26

- Samantha N. Curry

- D&F Equipment Sales

- David Beeson Partlow, III

- United States Department of the Treasury

- Kendrick L. Desroches

- D'Iberville Cold Storage

- DirecTV

- Dombhart Farms

- Double C Farms

- Double Wheel Farm

- Douglas-Koehn

- Drs. Ketcham & Dismukes Clinic

- Dyna-Lift

- Eagle Transportation, LLC

- Edd Johnson & Associates

- Edict Systems, Inc.

- Elysian Farms

- Elysian Fish Farms

- Energy Center Ltd.

- Euler Hermes North America Insurance Co.

- Eurofins-Louisville

- Evanston Insurance Company

- Extru-Tech, Inc.

- Farm Credit Leasing

- Farmers Grain
- Federal Insurance Company
- FFE Transportation Services, Inc.
- Sierra B. Fields
- First Gulf South
- Florida Department of Transportation
- Forkland Springs
- Fred Robertson Wrecker Service
- Gaddy Electric & Plumbing
- Gary W. Broussard d/b/a Beaver Creek Farms
- Gavilon Ingredients, LLC
- Georgia Pacific Corrugated
- Gerald Bierly
- Givhan Land & Cattle
- Global Fire Sprinklers
- Grainger, Inc.
- Great American Insurance Co.
- Greene County Revenue Commissioner
- Greensboro Farmer's Cooperative
- Mariela Guerra
- Gulf Coast Marine Supply Co.
- Hach Company
- Hale County Public Works Commission
- Hale County Revenue Commissioner

- Rodney Harms
- Heartland Catfish
- Henry Welding, LLC
- Herndon Farms
- Vanessa M. Hibbler
- Hicks Pallets
- Hills Ranch
- Hilo Fish Company, Inc.
- Amanda D. Hinojosa
- Horseshoe Farms
- Jim Pearce
- First South Bank
- DeQuante M. Hunter
- Hydro/Power of MS
- Ice Plant, Inc.
- ICWUC Local 1038
- Industrial Electric Motor Work
- Internal Revenue Service – Centralized Insolvency Operation
- International Paper MPAK Wareh
- Ioka Farm
- Ironshore Specialty Insurance Company
- Laytoya N. Jackson
- Lee Jackson
- James Fisheries

04830507.1

29

- James O. Banks. Jr. d/b/a Banks & Company
- James P. York
- William L. York
- York & York
- JBT CAT
- Jensen Tuna
- Joe's Repair Shop
- John Fayard, Jr.
- Curtisetta Jones
- Ken Diller
- Kiwi Coolers Corp.
- Kyle D. Schmidt
- Kynard Tire & Repair, Inc.
- James M. Lamb
- Land O'Lakes Purina Feed, LLC
- Lansing Trade Group, LLC
- Lansing Vermont, Inc.
- Larry Weaver
- Wilmer & Lee, P.A.
- Larsen Intermodal Services, Inc.
- LeaseSouth, LLC
- Ledwell
- Rolando D. Leon
- LINA

04830507.1

30

- Little Rock Farm, Inc.
- Martin Litwiller
- Livestock Nutrition Center, LLC
- Lloyds Pembroke Syndicate 4000
- LNC Kansas
- Marengo County Revenue Commissioner
- Mark A. Schmidt
- Marvin D. Gregory
- Gregory & Sons
- Marvin's Credit Services
- Beth A. McGill
- Michael Hardy
- Bodock Farm
- Mississippi Department of Agriculture and Commerce
- Mississippi Department of Revenue
- Mississippi Plastic Bag & Packaging
- Mitchell Hale
- Leundra D. Moore
- Motion Industries, Inc.
- National Fire Insurance Company of Pittsburgh, PA
- Nelson D. Koehn
- Network Trading, Inc.
- Newell Paper Co.
- Richard Nichols

04830507.1

- Nolin Milling

- Norman Lewis

- Northport Electrical Supply

- Nutra Blend Corporation

- New York Life Insurance Company

- Ocean Foods Co.

- Odom Farms

- Office Depot

- Pace Analytical Services, LLC

- Packers Chemical Holdings, LLC

- Packers Sanitation Services, Inc.

- Parker Tire, LLC

- Parts & Company of Selma, Inc.

- Parts & Company of Uniontown

- Piedmont National

- Piggly Wiggly #103 Eutaw

- Pineview Farms

- Power & Rubber Supply, Inc.

- Prairie Cajun Brands, LLC

- Prairie Lake Farms

- Preferred Freezer Chicago

- Preferred Freezer of Houston Port

- Preferred Freezer Raynham

- Premier Springwater Distributors

04830507.1

- Presto-X

- Pro Chem, Inc.

- Pyramid Transport, Inc.

- R&R Brokerage Services, Inc.

- Ranger Environmental Services

- Reddy Ice Corporation

- Refrigiwear

- River City Diesel

- River City Trucking

- Robert Hall

- Roberts Hauling, Inc.

- Ronald Nichols

- Running Creek Farms, LLC

- RSUI Group, Inc.

- Savannah Food Company, Inc.

- Sea Delight, LLC

- Seaquest Seafood Corporation

- Sentry Insurance

- Shawn Carter

- Sign Pro of Tuscaloosa

- Southeast Cold Storage

- Southeastern Mineral

- Southeastern Refrigeration, Inc.

- Southern Controls

- Southern Hose
- Southern Label Co., Inc.
- Southern Linc Wireless
- Southview Farms
- Stanley Convergent
- Strickland Paper Company
- Suburban Propane, L.P.
- Sysco
- Joseph L. Taylor
- Timothy O. Taylor
- The Bait Shop
- The Hartford Financial Services Group
- Khadijah A. Thomas
- Thompson Food Services, LLC
- Total Feeds
- Trade Source, Inc.
- Travelers Property and Casualty
- Trinity Logistics
- Tristrata Group
- Turner Scale, Inc.
- Tuscaloosa County Tax Assessor
- Tuscaloosa Office Products
- Uline
- Union Leasing, Inc.

04830507.1

34

- United Parcel Service

- United Rentals

- United Specialty Insurance Company

- Venture Underwrites, Inc.

- Valley Printing

- VSP

- Water Way

- Weigh-Tech

- Dave Wenger

- Juwan A. Wesley

- West Alabama Aqua

- Westway Feed Products

- WGUS FS, LLC

- Williams Cattle Co.

- Marcus W. Williams, Jr.

- Winsea International USA, Inc.

- Damian J. Womer

- Ruben D. Young

- Travis J. Young

- James L. Zanders

- Zee Company, Inc.

- Double Wheel Ranch, LLC

- Thed Spree

- Judy Spree

04830507.1

- Advanced Disposal Services

- Alabama Power Company

- AT&T, Inc.

- Atlas Welding Supply Co., Inc.

- City of Northport Water & Sewer Department

- City of Eutaw Water Department

- City of Demopolis

- DirecTV

- Hale County Public Works Commission

- Spire, Inc.

- Suburban Propane, L.P.

- Double Wheel Farm

- Sysco

- Georgi Pacific Corrugated

- AB Vista, Inc.

- BAADER

- Southeastern Refrigeration

- ADM Milling

- Nutra Blend Corporation

- Alabama Power

- Lansing Vermont, Inc.

- Total Feeds, Inc.

- Loren Diller

- River City Diesel

- Gavilon Ingredients, LLC

- A La Carte Specialty Foods

- S&S Farms

- West Alabama Aqua

- Williams Cattle Co.

- Mark A. Schmidt

- Southview Farms

- HPSI Purchasing Services

- Arbon Equipment

- Acosta, Inc.

- Fairway Dairy

- CPC Commodities

- Wells Fargo Vendor Financial Services

- Lewis Pest Control

- Paychex

- St. Peter Projects

- Andalusia Farmers Co-op

- Central Alabama Farmers Co-op

- Loren Diller

- Skye Diller

- S & S Farms

- Land O'Lakes

- Ardent Mills

- Dixie Feed and Trucking

04830507.1

37

- Diversified Ingredients
- LaBudde Group
- Golden Peanut Co. Oil Mill
- Kiwi Coders Corp.
- Sysco Food Services Columbia
- Sysco Detroit
- Sysco Houston
- Sysco Southeast Florida
- Tuscaloosa Scale
- Verizon Wireless
- McCain Engineering
- CMA CGM (America)
- GPC Hull & Fiber
- Leroy Co-op
- Bonnie Plants
- Frank Currie Gin
- Mossy Oak Biologic
- Agri-AFC, LLC
- Archer Daniels Midland
- Purina Animal Nutrition
- Delmar Koehn
- Bishop Cattle & Catfish
- Meijer Stores Limited Partnership
- Associated Wholesale Grocers, Inc.

- Sam Givhan

- Rivers Myres

- Mark Lamb

- Thomas Hallin

- Justin Funk

- Tina Johnson

- Christine Costley

- Steve Crawford

- Jo Ann Fuller

- Alfred Cheatham

- Andrea (Boles) Harrison

- Tommy Paulk

- Bill Sanders

- Dan Groscost

- David Womack

- Tricia Arnold

- RSM US, LLP

- Pricewaterhouse Coopers, LLP

- Burr Forman

- Wilmer & Lee

- Mayo Mallette, PLLC

- Smith, Gambrell & Russell

- Ted Tindal

- David Phillips

- J & C Farms

- TransAmerica Insurance

- Stillwater Provisions

- Brownlee Auto Parts

- Clearwater Consultants

- Coastal Marketing Consultants

- D.D. Reckner Company

- J. Goodman & Associates

- Paramount Marketing

- RAM, Inc.

- TTI National, Inc.

- Blue Beacon International

- MarketSmart, Inc.

- Loyalty Food Brokers

- Terry E. Blackaby

- Federal Express

- MWI Animal Health

- J.J. Keller

- Andress Engineering

- Dana Transport

- Brian Stewart

- Joe's Repair

- Covington Heavy Duty Parts

04830507.1

40

- ComData

- Fredrick Taylor

- FS Group

- Ocean's Best Corp.

- Wheeler Material Handling

- Norfolk Southern

- Parr's, Inc.

- Pinson Truck & Equipment

## Exhibit "2"

**Potential Parties in Interest Represented by Mayo Mallette**

- SouthFresh Aquaculture, LLC

- Alabama Farmer's Cooperative

- Travelers Casualty & Surety Company

- Ice Plant, Inc.